[Cite as *State v. Lawhorn*, 2017-Ohio-828.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

KEITH A. LAWHORN

    Appellant

C.A. No.      28295

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CR 2015 12 3913

DECISION AND JOURNAL ENTRY

Dated: March 8, 2017

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Keith A. Lawhorn, appeals the judgment of the Summit County Court of Common Pleas convicting him of one count of aggravated possession of drugs and one count of illegal use or possession of drug paraphernalia. This Court affirms.

I.

{¶2} On December 14, 2015, the Akron Police Department set up a controlled purchase of fentanyl between a confidential informant and Lawhorn, which resulted in the confidential informant purchasing 8.61 grams of fentanyl from Lawhorn. Following the controlled purchase, law enforcement followed Lawhorn to a residence located on Upson Street in Akron, Ohio, which Lawhorn entered using a key. That same day, law enforcement obtained a search warrant for the Upson Street residence. On December 16, 2015, Lawhorn was arrested pursuant to a federal arrest warrant. Law enforcement searched Lawhorn's person during the arrest, at which time they discovered two bindles containing .11 grams of fentanyl. Law enforcement then

informed Lawhorn that they had a warrant to search the Upson Street residence. Lawhorn informed law enforcement that more fentanyl was located at that residence. Law enforcement subsequently brought Lawhorn to the Upson Street residence, where he directed the officers to an additional 8.93 grams of fentanyl and a digital scale located inside the house.

{¶3} The Summit County Grand Jury indicted Lawhorn on one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1), a fifth-degree felony, and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor. Lawhorn pleaded not guilty to the offenses contained in the indictment and the matter proceeded through the pretrial process. Lawhorn subsequently filed a motion to unseal the search warrant that was executed. The trial court granted that motion. Lawhorn also filed a suppression motion arguing that the search warrant failed to set forth probable cause that evidence of a crime would be discovered at the Upson Street residence. The trial court ultimately denied Lawhorn's suppression motion following a hearing on the matter. The matter then proceeded to a jury trial.

{¶4} At trial, the State presented four witnesses to testify on its behalf. Following the State's case-in-chief, Lawhorn made a Crim.R. 29 motion for judgment of acquittal, which the trial court denied. The defense thereafter rested without calling any witnesses. The jury ultimately found Lawhorn guilty of both counts contained in the indictment. The trial court sentenced Lawhorn to 11 months in prison.

{¶5} Lawhorn filed this timely appeal.

II.

{¶6} On October 19, 2016, Lawhorn's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he has reviewed the record and concluded

that there are no viable issues to be pursued on appeal. Lawhorn's counsel also moved to withdraw as counsel of record in this matter. The record indicates that Lawhorn was served with a copy of his appellate counsel's brief, and this Court issued a magistrate's order affording Lawhorn an opportunity to raise arguments after review of the *Anders* brief. Lawhorn has not submitted additional arguments for our consideration.

{¶7} In his *Anders* brief, Lawhorn's counsel identified two possible issues for appeal, but concluded that they were not viable. Specifically, counsel questioned whether Lawhorn's convictions for the drug-related offenses were supported by sufficient evidence and against the manifest weight of the evidence. However, upon review of the trial and transcripts, as well as the applicable law, counsel concluded that the trial court did not err in finding Lawhorn guilty of those offenses.

{¶8} Upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles,* 9th Dist. Summit No. 23857, 2008–Ohio–662, ¶ 6; *State v. Lowe,* 9th Dist. Lorain No. 97CA006758, 1998 WL 161274 (Apr. 8, 1998). Accordingly, we grant appellate counsel's motion to withdraw.

### III.

{¶9} Having reviewed the entire record and having found that no appealable issues exist, we conclude that Lawhorn's appeal is meritless and wholly frivolous under *Anders*. The judgment of the Summit County Court of Common Pleas is affirmed. Lawhorn's appellate counsel's motion to withdraw as counsel is hereby granted.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


---

JULIE A. SCHAFER
FOR THE COURT


HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

NICHOLAS KLYMENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.